UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARMAINE DYSON,

     Plaintiff,

v.

WAYNE COUNTY AIRPORT
AUTHORITY, et al.,

     Defendants.

Case No. 26-cv-11331

Honorable Robert J. White

---

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

---

Charmaine Dyson commenced this employment discrimination and retaliation action against the Wayne County Airport Authority and Infojini Staffing pursuant to Title VII of the Civil Rights Act of 1964. Before the Court is her *pro se* application to proceed *in forma pauperis*. (ECF No. 5). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Dyson fails to allege sufficient facts to show that defendants discriminated or retaliated against her in violation of Title VII. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (cleaned up).

Title VII prohibits employers from "discharg[ing] any individual . . . because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Yet the complaint contains no allegations that Dyson is a member of a Title VII protected class. *See Kelmendi v. Mich. Off. of Ret. Servs.*, No. 25-1087, 2026 U.S. App. LEXIS 1244, at *4 (6th Cir. Jan. 16, 2026) (affirming dismissal of *pro se* Title

VII discrimination claim where the complaint failed to allege that the plaintiff's employer "took an adverse employment action against him on the basis of his membership in a protected class."). Nor does the complaint assert any facts from which to draw a plausible inference that defendants terminated Dyson's employment "because of" her membership in any protected class. 42 U.S.C. § 2000e-2(a)(1); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012).

The Title VII retaliation claim falters on the same ground. Title VII forbids an employer from retaliating or discriminating against an employee because the employee opposed an unlawful employment practice under Title VII. 42 U.S.C. § 2000e-3(a). Since Dyson fails to allege that defendants terminated her employment because she complained about their previous discrimination against a protected class, her Title VII retaliation theory does not state a plausible claim for relief. *See Washington v. Sodecia Auto.*, No. 25-1362, 2025 U.S. App. LEXIS 27690, at *7 (6th Cir. Oct. 21, 2025) (affirming dismissal of *pro se* Title VII retaliation claim where the complaint did not allege that "[the plaintiff] ever complained about race discrimination."). Accordingly,

IT IS ORDERED that Dyson's application for leave to proceed *in forma pauperis* (ECF No. 5) is granted. The complaint is filed and the filing fee need not be prepaid.

3

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Dyson may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: May 14, 2026                      s/ Robert J. White
                                         Robert J. White
                                         United States District Judge